IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OMAR VILLAREAL | ) <br> ) <br> ) |
| Movant, | ) <br> ) Civil No. 11-00687-CV-W-NKC-P <br> ) Crim. No. 07-00115-12-CR-W-NKL |
| v. | ) <br> ) |
| UNITED STATES OF AMERICA | ) <br> ) |
| Respondent. | ) <br> ) <br> ) <br> ) |

**ORDER**

Before the Court is Omar Villareal's *pro se* motion to vacate, set aside or correct his sentence [Doc. # 1], pursuant to 28 U.S.C. § 2255. Upon consideration of Villareal's motion, the government's response [Doc. # 5], and Villareal's reply [Doc. # 8], the Court denies the motion for the reasons outlined below.

**I.     Procedural History**

On February 9, 2009, Omar Villareal was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine, and on August 27, 2009, was sentenced by the Court to 210 months' imprisonment. Villareal appealed to the Eighth Circuit Court of Appeals, challenging the sufficiency of the evidence to support his conviction and his 210-month sentence. Villareal also contested the quantity of drugs and argued that he had been

1

denied the opportunity to confront certain witnesses. The Eighth Circuit affirmed, finding the evidence sufficient to convict. *United States v. Villareal*, 383 Fed. Appx. 580, 581 (8th Cir. 2010). On July 1, 2011, Villareal filed this motion to vacate his conviction and sentence.

## II.     Discussion

Villareal alleges in his motion four claims for relief: 1) ineffective assistance of counsel; 2) insufficiency of the evidence to establish his possession of drugs; 3) insufficiency of evidence to establish that Villareal conspired to distribute drugs; and 4) prosecutorial misconduct.

### A.     Ineffective Assistance of Counsel

To prevail in showing ineffective assistance of counsel, a movant must prove first, that counsel's performance was objectively deficient and second, that this deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating whether defense counsel's performance was deficient, courts must employ "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if defense counsel's performance is found to be deficient, the conviction will not be set aside unless "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Here, Villareal alleges that his attorney "jeopardized the entire case by misleading and lying to the defendant" and providing "[b]ad advice." [Doc. # 1 at 4]. Villareal also alleges that his counsel failed to investigate mitigating evidence, move to suppress evidence, and maintain adequate communications with Villareal. *Id.* at 5. However, Villareal has not

pointed to any mitigating evidence which should have been presented by counsel or any evidence that should have been suppressed. Villareal has also not pointed to any misleading statements or poor advice given by his counsel nor explained any specific instances in which his counsel failed to communicate effectively with him. Because Villareal has not provided any facts to support his general allegations, he has failed to establish that his counsel's performance was objectively deficient. Even if the Court assumed for the purposes of argument that Villareal had established a showing of objective deficiency, he has not provided any information to suggest that the outcome of the trial would have been altered as a result of his counsel's deficiency. As a result, Villareal's claim of ineffective assistance of counsel fails to rise to the level of a constitutional violation and must be denied.

    **B.**    **Insufficiency of Evidence Supporting Possession and Conspiracy**

In his motion, Villareal challenges his arrest, indictment and conviction for conspiracy, alleging that his co-defendant's testimony was insufficient evidence to show he was in possession of any drugs, or that he conspired to distribute drugs. These claims challenging the nature and sufficiency of evidence are claims to be brought upon direct appeal rather than in a § 2255 motion. *See e.g. Houser v. United States*, 508 F.2d 509, 513-16 (8th Cir. 1974) (stating that a "2255 does not give [prisoners] the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or fact must be raised by timely appeal from the sentence if the petitioner desires to raise them."). Villareal's sufficiency of evidence claims have already been denied by the Eighth Circuit, which ruled that the evidence "was sufficient

to convict Villareal of conspiring to distribute 5 kilograms or more of cocaine based on the testimony of his co-conspirators and the investigating drug agents." *Villareal*, 383 Fed. Appx. at 581. Villareal does not provide any facts in his current motion which would suggest that he is raising new evidentiary claims which were not considered by the Eighth Circuit and which would affect the fairness of his initial trial or show that the police lacked probable cause for his initial arrest. *See Houser,* 508 F.2d at 514 ("[A] matter may not be cognizable upon a 2255 motion because it is one which could not have denied the substance of a fair trial or because the matter was raised and considered upon direct appeal."). Thus, for the reasons stated above, Villareal's evidentiary claims cannot be raised in this § 2255 motion.

## C. Prosecutorial Misconduct

Villareal also claims that the prosecution introduced false evidence and withheld material evidence favorable to his case. Specifically, in his complaint, Villareal alleges that the 150 kilograms of cocaine at issue in the case never existed. As the quantity of drugs was determined through the testimony of prosecution witnesses, Villareal is effectively alleging that the testimony was perjured. To vacate a judgment on perjury grounds, a movant must establish the use of perjured testimony and knowledge by prosecuting officials that the testimony was perjured. *Holt v. United States*, 303 F.2d 791, 794 (8th Cir. 1962). However, Villareal does not provide any specific information to support his perjury claim other than to state in his reply, in a conclusory fashion, that the government "knew" the cocaine did not exist. [Doc. # 7 at 8]. Villareal does not identify any of the witnesses at trial as having specifically perjured themselves, nor does he point to particular parts of testimony as having

4

been perjured. He offers no supporting affidavits or other evidence to support any claim of perjury during trial. Regarding any allegations of withheld evidence, Villareal does not identify the nature of this evidence nor provide any facts to implicate the government in withholding such evidence. Because Villareal has not provided specific facts in support of his claims of perjury and withholding evidence, the Court finds that he has failed to move beyond conclusory allegations concerning prosecutorial misconduct. *See Blackledge v. Allison*, 431 U.S. 63, 75 (1977) (finding that a movant's habeas claim went beyond conclusory allegations by offering specific factual allegations, including the specific terms of an alleged promise between attorney and defendant, and the identity of a witness to the communication).

### D. Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the allegations cannot be accepted as true because they are conclusory allegations unsupported by specifics. *Sanders v. United States*, 341 F.3d 720, 721 (8th Cir. 2003); *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985). For the reasons stated above, Villareal's claims are all either inadequate, composed wholly of conclusory allegations, or non-cognizable under Section 2255, and thus an evidentiary hearing must be denied.

### E. Certificate of Appealability

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As stated above, Villareal has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

**III. Conclusion**

Accordingly, it is hereby ORDERED that Omar Villareal's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED and a certificate of appealability is not issued.

    s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 20, 2011
Jefferson City, Missouri